IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JUSTIN WILLIAM STEPHEN SMITH,<br><br>           Petitioner,<br><br>vs.<br><br>JIM SALMONSEN; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>           Respondents. | CV 24-114-M-DWM<br><br>ORDER |

Pending before the Court is a petition filed by pro se state prisoner, Justin William Stephen Smith ("Smith"), seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1.) In his filing, Smith asks to be relieved from the state judgment of conviction imposed following revocation of his underlying criminal sentence or, alternatively, that he be credited for 23 months of time-served against his sentence. (*Id.* at 8, ¶ 16.)

Following entry of a guilty plea, Smith was convicted of Assault with a Weapon in Montana's Fourth Judicial District, Missoula County. (*Id.* at 2-3.) He was given a 5-year suspended commitment to the Montana Department of Corrections. (*Id.* at 3.) Smith's supervision was subsequently transferred to Washington state via an Interstate Compact Agreement. He was under supervision

1

there until a petition to revoke his sentence was filed. *See* (Doc. 1-1 at 2.) Following revocation of his sentence, Smith was placed at the Missoula Assessment and Sanction Center where was apparently screened for placement in a pre-release center or other appropriate facility. (*Id.*) Ultimately Smith explains he was transferred to the Montana State Prison. Smith presently believes he is "missing" credit against his sentence for 1,429 days of time that he served. (*Id.*)

I.     **28 U.S.C. § 2254 Petition**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*; see also 28 U.S.C. § 1915A(B)(1),(2) (the court must dismiss a habeas petition of portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis upon which habeas relief may be granted).

As a preliminary matter, this Court lacks jurisdiction to act in the matter suggested by Smith. Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and federal statutes. *Rasul v. Bush*, 542 U.S. 466, 489 (2004). As a court of limited jurisdiction, this Court has an obligation to dismiss claims for which there is a lack of subject matter jurisdiction.

2

*Demarest v. United States*, 718 F. 2d 964, 965 (9th Cir. 1983); *see also Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F. 3d 593, 594-95 (9th Cir. 1996). Federal district courts do not have appellate jurisdiction over state courts, whether by direct appeal, mandamus, or otherwise. *See e.g., Rooker v. Fid. Trust Co.*, 263 U.S. 413, 425-16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *see also, MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) ("lower federal courts possess no power whatever to sit in direct review of state court decisions"). Accordingly, it would be entirely inappropriate for this Court to intervene in and/or attempt to correct the revocation sentence handed down by the state district court.

Moreover, Smith is advised that federal habeas relief is available only for a violation of federal constitutional rights. *See* 28 U.S.C. § 2254(a); *see also Middleton v. Cupp*, 768 F. 2d 1083, 1085 (9th Cir. 1985)(habeas relief unavailable for alleged error under state law). As his petition stands, Smith has not identified a federal constitutional violation. To the extent that the claims contained in Smith's petition could be construed as cognizable federal claims, they are currently unexhausted. Smith acknowledges he has not attempted to appeal his sentence to the Montana Supreme Court, has not sought postconviction relief, and has not filed a petition for writ of habeas corpus with the Montana Supreme Court. *See* (Doc. 1

at 3-5.) Thus, there is no indication that the state courts have considered the claims Smith now presents.

A federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A) through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008), and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id., see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three

prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

Smith must present his claims to the state courts, in a procedurally appropriate manner, and give them one full opportunity to review any federal constitutional claims. *O'Sullivan*, 526 U.S. at 845. Because Smith has not yet exhausted his available state court remedies, this Court cannot review the claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal will be **without prejudice**, allowing Smith to return to this Court if and when he fully exhausts the claim relative to his current custody.

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Smith has not yet made a substantial showing that he was deprived of a federal constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, IT IS ORDERED that:

1. Smith's Petition (Doc. 1) is DISMISSED **without prejudice** as unexhausted.

2. The Clerk of Court is directed to enter a judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this 22nd day of August, 2024.

_____
Donald W. Molloy, District Judge
United States District Court